MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY. YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE. THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS. YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM. EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY. DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU. YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICT SHOULD BE.

GOVERNMENT INSTRUCTION NO. _1___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.01

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  YOUR NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

GOVERNMENT INSTRUCTION NO. __1A____

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE REGARDED AS MATTERS OF COMMON KNOWLEDGE.  YOU MAY ACCEPT THOSE FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

GOVERNMENT INSTRUCTION NO.  __2___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

GOVERNMENT INSTRUCTION NO. __3__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.02

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE
WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL,
AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH
WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER,
AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR,
OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF
ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE THE DEFENDANT'S TESTIMONY IN THE SAME WAY
THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.

GOVERNMENT INSTRUCTION NO. ___4___
SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE

WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL,

AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH

WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER,

AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR,

OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF

ALL THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.   5

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.03

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS.  IN LAW WE CALL THIS "INFERENCE."  A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES.  ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.  __6__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.04

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE."  DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.  ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

GOVERNMENT INSTRUCTION NO.  7

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.05

CERTAIN THINGS ARE NOT EVIDENCE.  I WILL LIST THEM FOR YOU:

FIRST, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD,  ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

SECOND, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.  THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD.  SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

THIRD, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE.  ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

FOURTH, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE.  THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

GOVERNMENT INSTRUCTION NO. __8__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.06

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN

PREPARATION FOR TRIAL.

GOVERNMENT INSTRUCTION NO. __9__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 1.07

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON TRIAL. IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT, BRAD O. WILLIAMS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT ONE); TWO COUNTS OF ARMED ROBBERY (COUNTS 2 AND 6); FOUR COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNTS 3, 5, 7 AND 9); TWO COUNTS OF ARMED BANK ROBBERY (COUNTS 4 AND 8); AND ONE COUNT OF FELON IN POSSESSION OF A FIREARM (COUNT 10). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, SEVILLE WILLIAMS IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT ONE); ONE COUNT OF ARMED ROBBERY (COUNT 2 ); TWO COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNTS 3 AND 5); ONE COUNT OF ARMED BANK ROBBERY (COUNT 4). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, CLINTON WILLIAMS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND

TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS

A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT ONE); TWO

COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE

(COUNTS 5 AND 9); AND TWO COUNTS OF ARMED BANK ROBBERY (COUNTS 4

AND 8).  THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, RORY TUCKER, IS CHARGED WITH ONE COUNT OF

CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND

TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS

A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT ONE); ONE

COUNT OF ARMED BANK ROBBERY (COUNT 8); AND ONE COUNT OF CARRYING

AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNT 9).  THE

DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

GOVERNMENT INSTRUCTION NO.  __10___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.01

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATIONS: Title 18, United |
| | ) | States Code, Sections 371, |
| BRAD O. WILLIAMS, | ) | 2113(a) and (d), 1951, 924(c), |
| SEVILLE WILLIAMS, | ) | and 922(g)(1). |
| CLINTON WILLIAMS, | ) | |
| TYRON THOMAS, | ) | |
| RORY TUCKER, | ) | |
| MARION JEFFERSON, III, | ) | |
| BOBBY L. RILEY, | ) | |
| AHSHUN T. COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **I N D I C T M E N T**

THE GRAND JURY CHARGES:

### **COUNT 1**
**Conspiracy To Commit Armed Bank Robbery, To Commit Robbery,
And To Carry And Use A Firearm During And In Relation To
And To Possess A Firearm In Furtherance Of A Crime Of Violence**

1.      From in or about November 2005, and continuing to on or about April 24,

2006, in the Central District of Illinois, and elsewhere, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, CLINTON WILLIAMS,
TYRON THOMAS, RORY TUCKER, MARION JEFFERSON, III,
BOBBY L. RILEY, and AHSHUN T. COLLINS**,

did knowingly and unlawfully combine, conspire, confederate, and agree with each

other and with others to commit the following offenses against the United States:

a.      To, by force and violence, and by intimidation, take and attempt to

take, from the person and presence of another, property and money belonging to, and in the care, custody, control, management, and possession of a federally-insured financial institution, in violation of Title 18, United States Code, Sections 2113(a) and (d); and

b.    To unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce by committing the offense of robbery, in violation of Title 18, United States Code, Section 1951; and

c.    To carry and use a firearm during and in relation to and to possess a firearm in furtherance of a crime of violence, namely, armed bank robbery and robbery, in violation of Title 18, United States Code, Section 924(c).

## **OBJECT OF THE CONSPIRACY**

2.    It was the object of the conspiracy for the defendants to commit various armed robberies of financial institutions and businesses in Kankakee, Peotone, and Rantoul, Illinois. In so doing, the defendants used force, violence and intimidation against, and threatened, assaulted and put in jeopardy the lives of, financial institution and business employees by means of possessing, carrying and using multiple firearms. During the period of the conspiracy, the defendants committed a total of at least five armed robberies, during which more than $400,000 was stolen by force and violence.

## OVERT ACTS

3.    As part of the conspiracy, on or about January 3, 2006, defendants **BRAD O. WILLIAMS and SEVILLE WILLIAMS** and other co-conspirators committed the armed robbery of Walgreen's, Kankakee, Illinois. To accomplish the armed robbery, the defendants and their co-conspirators caused a fictitious 911 call to be made to Kankakee authorities concerning a home invasion on the opposite side of town from Walgreen's. The conspirators, two of whom were armed with handguns, then entered Walgreen's, and demanded money. As a result of the armed robbery, the defendants and their co-conspirators stole approximately $2,700.

4.    As a part of the conspiracy, on or about January 11, 2006, defendants **BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS** committed the armed bank robbery of the Commonwealth Credit Union, Kankakee, Illinois. To accomplish the armed bank robbery, defendants **BRAD O. WILLIAMS and SEVILLE WILLIAMS**, armed with handguns, entered the credit union, threatened employees with the handguns, and demanded money. As a result of the armed robbery, the defendants and their co-conspirators stole approximately $313,000. Defendant **CLINTON WILLIAMS**, the getaway driver, then successfully drove his co-conspirators away from the credit union.

5.    As a part of the conspiracy, on or about March 28, 2006, defendants **BRAD O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III** committed the armed robbery of Heights Finance, Kankakee, Illinois. To accomplish the armed

robbery, defendant **BRAD O. WILLIAMS** acted as a lookout, while defendants **THOMAS and JEFFERSON**, one of whom was armed with a handgun, entered the store, threatened the employees with the handgun and demanded money. One of the defendants then struck an employee in the head with the gun, causing the gun to discharge. As a result of the armed robbery, the defendants stole approximately $200.

6.     As a part of the conspiracy, on or about April 7, 2006, defendants **BRAD O. WILLIAMS, TYRON THOMAS, and CLINTON WILLIAMS** and at least one other co-conspirator committed the armed robbery of the First Community Bank and Trust, Peotone, Illinois. To accomplish the armed robbery, two of the co-conspirators, both armed with handguns, entered the bank, threatened the employees with the handguns, and demanded money. As a result of the armed robbery, the defendants stole approximately $100,000.

7.     As a part of the conspiracy, on or about April 24, 2006, defendants **BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS, RORY TUCKER, MARION JEFFERSON, III, BOBBY L. RILEY, and AHSHUN T. COLLINS** committed the armed robbery of Community Plus Federal Credit Union, Rantoul, Illinois. To accomplish the armed robbery, defendants **CLINTON WILLIAMS, RORY TUCKER, and BOBBY L. RILEY** acted as getaway drivers and lookouts, while defendants **BRAD O. WILLIAMS, TYRON THOMAS, MARION JEFFERSON, III and AHSHUN T. COLLINS**, at least three of whom were armed with handguns, entered the credit union, threatened the employees with the handguns and demanded money. Two of the

defendants struck two credit union employees in the head with handguns. As a result of the armed robbery, the defendants stole approximately $3,600.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Armed Robbery)

On or about January 3, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS and SEVILLE WILLIAMS,**

did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, by committing the offense of robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain money and property from employees of Walgreen's, Kankakee, Illinois, a business engaged in and that affected interstate commerce, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person and to property in their custody.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT 3
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about January 3, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS and SEVILLE WILLIAMS,**

during and in relation to a crime of violence, namely, armed robbery, as charged in Count 2, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924(c).

**COUNT 4**
**(Armed Bank Robbery)**

On or about January 11, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS**,

by force and violence, did knowingly take from the presence of another, money and

property belonging to and in the care, custody and possession of the Commonwealth

Credit Union, Kankakee, Illinois, a credit union and financial institution as defined

under federal law; and in committing this offense, the defendants did assault and put in

jeopardy the lives of persons by the use of a dangerous weapon, namely, a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

**COUNT 5**
**(Carrying and Using A Firearm During A Crime Of Violence)**

On or about January 11, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS**,

during and in relation to a crime of violence, namely, armed bank robbery, as charged

in Count 4, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924(c).

**COUNT 6**
**(Armed Robbery)**

On or about March 28, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III,**

did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect,

commerce, as that term is defined in Title 18, United States Code, Section 1951, by

committing the offense of robbery, as that term is defined in Title 18, United States

Code, Section 1951, in that the defendants did unlawfully take and obtain money and

property from employees of Heights Finance, Kankakee, Illinois, a business engaged in and that affected interstate commerce, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person and to property in their custody.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT 7
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about March 28, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III**,

during and in relation to a crime of violence, namely, armed robbery, as charged in Count 6, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT 8
### (Armed Bank Robbery)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS,
RORY TUCKER, MARION JEFFERSON, III,
BOBBY L. RILEY, and AHSHUN T. COLLINS**,

by force and violence, did knowingly take from the presence of another, money and property belonging to and in the care, custody and possession of Community Plus Federal Credit Union, Rantoul, Illinois, a credit union and financial institution as defined under federal law; and in committing this offense, the defendants did assault and put in jeopardy the lives of persons by the use of a dangerous weapon, namely, a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

## COUNT 9
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS,
RORY TUCKER, MARION JEFFERSON, III,
BOBBY L. RILEY, and AHSHUN T. COLLINS**,

during and in relation to a crime of violence, namely, armed bank robbery, as charged

in Count 8, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT 10
### (Felon In Possession Of A Firearm)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and AHSHUN T. COLLINS**,

after previously being convicted of a crime punishable by more than one year of

imprisonment, did knowingly and unlawfully possess a firearm, which had previously

been shipped or transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).


s/Foreperson_____
FOREPERSON


s/Rodger A. Heaton_____
RODGER A. HEATON
UNITED STATES ATTORNEY
TAB


GOVERNMENT INSTRUCTION NO.   11

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CHARGES.  THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICT.  IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED.  THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE.  THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

GOVERNMENT INSTRUCTION NO.   12___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 2.03

THE DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT

THAT THE DEFENDANT DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU

IN ANY WAY IN ARRIVING AT YOUR VERDICT.

GOVERNMENT INSTRUCTION NO.   13

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.01

YOU HAVE HEARD WITNESSES GIVE OPINIONS ABOUT MATTERS REQUIRING SPECIAL KNOWLEDGE OR SKILL.  YOU SHOULD JUDGE THIS TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.  THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT.  GIVE THE TESTIMONY WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.  __14__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.07

CERTAIN SUMMARIES ARE IN EVIDENCE. THEY TRULY AND ACCURATELY SUMMARIZE THE CONTENTS OF VOLUMINOUS BOOKS, RECORDS, OR DOCUMENTS, AND SHOULD BE TOGETHER WITH AND IN THE SAME WAY AS ALL OTHER EVIDENCE IN THE CASE.

GOVERNMENT INSTRUCTION NO.  __15___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 3.15

EACH COUNT OF THE INDICTMENT CHARGES EACH DEFENDANT NAMED IN THAT COUNT WITH HAVING COMMITTED A SEPARATE OFFENSE.

YOU MUST GIVE SEPARATE CONSIDERATION BOTH TO EACH COUNT AND TO EACH DEFENDANT.  YOU MUST CONSIDER EACH COUNT AND THE EVIDENCE RELATING TO IT SEPARATE AND APART FROM EVERY OTHER COUNT.

YOU SHOULD RETURN A SEPARATE VERDICT AS TO EACH DEFENDANT AND AS TO EACH COUNT.  YOUR VERDICT OR GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO THAT DEFENDANT UNDER ANY OTHER COUNT.

GOVERNMENT INSTRUCTION NO. __16__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.04

A CONSPIRACY IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO

ACCOMPLISH AN UNLAWFUL PURPOSE.  TO SUSTAIN THE CHARGE OF

CONSPIRACY, THE GOVERNMENT MUST PROVE:

FIRST, THAT THE CONSPIRACY AS CHARGED IN COUNT ONE EXISTED; AND

SECOND, THAT THE DEFENDANT KNOWINGLY BECAME A MEMBER OF THE

CONSPIRACY WITH AN INTENTION TO FURTHER THE CONSPIRACY; AND

THIRD, THAT AN OVERT ACT WAS COMMITTED BY AT LEAST ONE

CONSPIRATOR IN FURTHERANCE OF THE CONSPIRACY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EIVDENCE THAT

EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE

DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL

OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED

BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT

GUILTY.

IT IS NOT NECESSARY THAT ALL THE OVERT ACTS CHARGED IN THE

INDICTMENT BE PROVED, AND THE OVERT ACT PROVED MAY ITSELF BE A

LAWFUL ACT.

TO BE A MEMBER OF THE CONSPIRACY, THE DEFENDANT NEED NOT JOIN

AT THE BEGINNING OR KNOW ALL THE OTHER MEMBERS OR THE MEANS BY

WHICH ITS PURPOSE WAS TO BE ACCOMPLISHED.  THE GOVERNMENT MUST

PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS AWARE OF

THE COMMON PURPOSE AND WAS A WILLING PARTICIPANT.

GOVERNMENT INSTRUCTION NO. __17__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 5.08

A CONSPIRATOR IS RESPONSIBLE FOR OFFENSES COMMITTED BY HIS FELLOW CONSPIRATORS IF HE WAS A MEMBER OF HE CONSPIRACY WHEN THE OFFENSE WAS COMMITTED AND IF THE OFFENSE WAS COMMITTED IN FURTHERANCE OF AND AS A FORESEEABLE CONSEQUENCE OF THE CONSPIRACY.

THEREFORE, IF YOU FIND A DEFENDANT GUILTY THE CONSPIRACY AS CHARGED IN COUNT ONE AND IF YOU FIND BEYOND A REASONABLE DOUBT THAT WHILE HE WAS A MEMBER OF THE CONSPIRACY, HIS FELLOW CONSPIRATORS COMMITTED THE OFFENSES IN COUNTS 2 THROUGH 9 IN FURTHERANCE OF AND AS A FORESEEABLE CONSEQUENCE OF THAT CONSPIRACY, THEN YOU SHOULD FIND HIM GUILTY OF THOSE SAME COUNTS IN WHICH THE DEFENDANT IS CHARGED.

GOVERNMENT INSTRUCTION NO. __18__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 5.09

AN OFFENSE MAY BE COMMITTED BY MORE THAN ONE PERSON.  A

DEFENDANT'S GUILT MAY BE ESTABLISHED WITHOUT PROOF THAT THE

DEFENDANT PERSONALLY PERFORMED EVERY ACT CONSTITUTING THE CRIME

CHARGED.

GOVERNMENT INSTRUCTION NO.  __19__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 5.05

ANY PERSON WHO KNOWINGLY AIDS, COUNSELS, COMMANDS, INDUCES, OR PROCURES THE COMMISSION OF AN OFFENSE MAY BE FOUND GUILTY OF THAT OFFENSE.  THAT PERSON MUST KNOWINGLY ASSOCIATE WITH THE CRIMINAL ACTIVITY, PARTICIPATE IN THE ACTIVITY, AND TRY TO MAKE IT SUCCEED.

IF A DEFENDANT KNOWINGLY CAUSED THE ACTS OF ANOTHER, THE DEFENDANT IS RESPONSIBLE FOR THOSE ACTS AS THOUGH HE PERSONALLY COMMITTED THEM.

GOVERNMENT INSTRUCTION NO.  __20__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTION 5.06

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

GOVERNMENT INSTRUCTION NO. __21__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.06

TO SUSTAIN THE CHARGE OF EXTORTION BY ROBBERY, AS CHARGED IN COUNTS 2 AND 6, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT KNOWINGLY OBTAINED MONEY OR PROPERTY FROM OR IN THE PRESENCE OF AN EMPLOYEE OF THE BUSINESS NAMED IN THE PARTICULAR COUNT;

SECOND, THAT THE DEFENDANT DID SO BY MEANS OF ROBBERY, AS THAT TERM IS DEFINED IN THESE INSTRUCTIONS;

THIRD, THAT THE DEFENDANT BELIEVED THAT THE EMPLOYEE PARTED WITH THE MONEY OR PROPERTY BECAUSE OF THE ROBBERY; AND

FOURTH, THAT THE ROBBERY AFFECTED INTERSTATE COMMERCE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT INSTRUCTION NO. __22__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 1951 (Elements - Robbery)

ROBBERY MEANS THE UNLAWFUL TAKING OR OBTAINING OF PERSONAL PROPERTY FROM THE PERSON OR IN THE PRESENCE OF ANOTHER AGAINST HIS/HER WILL, BY MEANS OF ACTUAL OR THREATENED FORCE, OR VIOLENCE OR FEAR OF INJURY, IMMEDIATE OR FUTURE, TO HIS/HER PERSON OR PROPTTY, OR PROPERTY IN HIS/HER CUSTODY OR POSSESSION, OR THE PERSON OR PROPERTY OF A RELATIVE OR MEMBER OF HIS/HER FAMILY OR OF ANYONE IN HIS/HER COMPANY AT THE TIME OF THE TAKING OR OBTAINING.

GOVERNMENT INSTRUCTION NO. __23__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 1951 (Definition of Robbery)

TO SUSTAIN THE CHARGE OF AGGRAVATED BANK ROBBERY, THE

GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THE DEFENDANT TOOK OR ATTEMPTED TO TAKE, FROM THE

PERSON OR PRESENCE OF ANOTHER, MONEY OR PROPERTY BELONGING TO OR IN

THE CARE, CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION OF THE

FINANCIAL INSTITUTION NAMED IN THE INDICTMENT

SECOND, AT THE TIME CHARGED IN THE INDICTMENT THE FINANCIAL

INSTITUTION HAD ITS DEPOSITS INSURED BY THE FEDERAL DEPOSIT INSURANCE

CORPORATION OR THE NATIONAL CREDIT UNION ADMINISTRATION;

THIRD, THE DEFENDANT TOOK OR ATTEMPTED TO TAKE SUCH MONEY OR

PROPERTY BY MEANS OF FORCE AND VIOLENCE, OR BY MEANS OF

INTIMIDATION; AND

FOURTH, THE DEFENDANT ASSAULTED OR PUT IN JEOPARDY THE LIFE OF

AN EMPLOYEE OF THE FINANCIAL INSTITUTION BY THE USE OF A DANGEROUS

WEAPON OR DEVICE, WHILE COMMITTING OR ATTEMPTING TO COMMIT THE

THEFT OR BURGLARY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT

EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE

DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL

THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAVE NOT BEEN PROVED

BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT

GUILTY.

GOVERNMENT INSTRUCTION NO. __24__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 2113 (Elements - Aggravated Bank Robbery)

THE PHRASE "PUT IN JEOPARDY THE LIFE OF ANY PERSON" AS USED IN

THESE INSTRUCTIONS MEANS TO KNOWINGLY DO AN ACT WHICH EXPOSES

ANOTHER PERSON TO RISK OF DEATH.  IN CONSIDERING THIS ELEMENT, YOU

MUST FOCUS ON THE ACTUAL RISK OF DEATH CREATED BY THE USE OF THE

DANGEROUS WEAPON OR DEVICE.  THIS RISK MIGHT INCLUDE DIRECT RISK TO

BANK EMPLOYEES AND INDIRECT RISK THROUGH A VIOLENT RESPONSE BY A

CUSTOMER OR THE POLICE.

GOVERNMENT INSTRUCTION NO.  __25__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 2113(d) (Definition of Put in Jeopardy the Life of Another Person)

TO SUSTAIN THE CHARGE OF USING AND CARRYING A FIREARM DURING OR IN RELATION TO A VIOLENT CRIME, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT COMMITTED THE CRIME OF ARMED ROBBERY OR ARMED BANK ROBBERY AS CHARGED IN THE INDICTMENT; AND

SECOND, THAT THE DEFENDANT KNOWINGLY USED AND CARRIED A FIREARM DURING AND RELATION TO THAT CRIME.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT INSTRUCTION NO.   26

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. §924(c) (Definition of Using/Carrying Firearm During a Violent Crime - Elements)

A DEFENDANT CARRIES A FIREARM WHEN HE TRANSPORTS THE FIREARM ON HIS PERSON AND DOES SO DURING AND IN RELATION TO THE VIOLENT CRIME THAT HE IS COMMITTING.

A DEFENDANT MAY CARRY A FIREARM EVEN WHEN THE FIREARM IS NOT IMMEDIATELY ACCESSIBLE BECAUSE IT IS CONTAINED IN A LOCKED CASE OR COMPARTMENT.

GOVERNMENT INSTRUCTION NO. __27__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. §924(c) (Definition of Carry)

TO SUSTAIN THE CHARGE OF UNLAWFUL POSSESSION OF A FIREARM, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT, PRIOR TO THE DATE CHARGED IN THE INDICTMENT, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME THAT WAS PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE YEAR;

SECOND, THAT ON OR ABOUT THE DATE CHARGED IN THE INDICTMENT, THE DEFENDANT KNOWINGLY POSSESSED A FIREARM; AND

THIRD, THAT THE FIREARM POSSESSED BY THE DEFENDANT HAD TRAVELED IN INTERSTATE COMMERCE PRIOR TO DEFENDANT'S POSSESSION OF IT ON THAT DATE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

GOVERNMENT'S INSTRUCTION NO.  __28___

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTION, 18 U.S.C. § 922 (g)(1)

A DEFENDANT USES A FIREARM WHEN HE ACTIVELY EMPLOYS IT IN SOME WAY THAT IS RELATED TO THE VIOLENT CRIME THAT HE IS COMMITTING.  USE MAY INCLUDE BRANDISHING, DISPLAYING, STRIKING WITH, FIRING OR ATTEMPTING TO FIRE A FIREARM OR MAKING REFERENCE TO A FIREARM IN THE DEFENDANT'S POSSESSION.  MERE PRESENCE OF A FIREARM AT THE SCENE OF THE CRIME WITHOUT ACTIVE EMPLOYMENT OF THAT KIND IS NOT SUFFICIENT TO CONSTITUTE USE OF THAT FIREARM.

GOVERNMENT INSTRUCTION NO. __29__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. §924(c) (Definition of Use)

A FIREARM HAS TRAVELED IN INTERSTATE COMMERCE IF IT HAS TRAVELED BETWEEN ONE STATE OR COUNTRY AND ANY OTHER STATE, OR ACROSS A STATE OR NATIONAL BOUNDARY LINE.  THE GOVERNMENT NEED NOT PROVE HOW THE FIREARM TRAVELED IN INTERSTATE COMMERCE OR THAT THE FIREARM'S TRAVEL WAS RELATED TO THE DEFENDANT'S POSSESSION OF IT OR THAT THE DEFENDANT KNEW THE FIREARM HAD TRAVELED IN INTERSTATE COMMERCE.

GOVERNMENT INSTRUCTION NO.   30

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 922(g) (Definition of Commerce)

POSSESSION OF AN OBJECT IS THE ABILITY TO CONTROL IT.  POSSESSION MAY EXIST EVEN WHEN A PERSON IS NOT IN PHYSICAL CONTACT WITH THE OBJECT, BUT KNOWINGLY HAS THE POWER AND INTENTION TO EXERCISE DIRECTION OR CONTROL OVER IT, EITHER DIRECTLY OR THROUGH OTHERS.

GOVERNMENT INSTRUCTION NO.  __31__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. §922(g) (Definition of Possession)

THE INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON

OR ABOUT" CERTAIN DATES.  THE GOVERNMENT MUST PROVE THAT THE

OFFENSES HAPPENED REASONABLY CLOSE TO THOSE DATES, BUT IS NOT

REQUIRED TO PROVE THAT THE ALLEGED OFFENSES HAPPENED ON THOSE

EXACT DATES.

GOVERNMENT INSTRUCTION NO.   _32__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 4.04

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

A FORM OF VERDICTS HAS BEEN PREPARED FOR YOU.

TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE FORM, AND EACH OF YOU WILL SIGN IT.

GOVERNMENT INSTRUCTION NO.   33

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.01

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

GOVERNMENT INSTRUCTION NO. __34__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.05

THE VERDICTS MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  YOUR VERDICTS, WHETHER THEY BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT.  IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS.  DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND.  DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG.  BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

GOVERNMENT INSTRUCTION NO. __35__

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, CRIMINAL NO. 7.06

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(c) and |
| BRAD O. WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY, AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 2 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN COUNT 3 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 6 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 7 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF FELON IN POSSESSION OF A
(GUILTY, NOT GUILTY)

FIREARM AS CHARGED IN  COUNT 10 OF THE INDICTMENT.


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON


GOVERNMENT INSTRUCTION NO.  __36___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(c) and |
| SEVILLE WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY, AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 2 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN COUNT 3 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON


GOVERNMENT INSTRUCTION NO.  ___37___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(c) and |
| CLINTON WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                            FOREPERSON


GOVERNMENT INSTRUCTION NO.  __38__

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(c) and |
| RORY TUCKER, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T S**

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.


_____          _____


_____          _____

_____     _____

_____     _____

_____     _____

_____     _____
                                      FOREPERSON

GOVERNMENT INSTRUCTION NO.  __39__