E-FILED
Thursday, 09 November, 2006  10:32:05 AM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY.  YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE.  THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS.  YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM.  EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU.  YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICTS SHOULD BE.

FILED

NOV 0 8 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Court's Instruction No. 1

7th Circuit Pattern Jury Instructions (Criminal), § 1.01

Given ✓

Refused _____

Withdrawn _____

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE REGARDED AS MATTERS OF COMMON KNOWLEDGE.  YOU MAY ACCEPT THOSE FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

Court's Instruction No. 2

7th Circuit Pattern Jury Instructions (Criminal), § 1.02

Given ✓
Refused _____
Withdrawn _____

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND STIPULATIONS.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

Court's Instruction No. 2A

7th Circuit Pattern Jury Instructions (Criminal), § 1.02

Given _____
Refused _____
Withdrawn ___✓___

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE EACH DEFENDANT'S TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.

Court's Instruction No. 3

7th Circuit Pattern Jury Instructions (Criminal), § 1.03

Given _____
Refused _____
Withdrawn _____

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE
WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL,
AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH
WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER,
AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR,
OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF
ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE THE TESTIMONY OF DEFENDANTS BRAD WILLIAMS
AND RORY TUCKER IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF
ANY OTHER WITNESS.

Court's Instruction No. 3

7th Circuit Pattern Jury Instructions (Criminal), § 1.03

Given ✓_____
Refused _____
Withdrawn _____

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

Court's Instruction No. 3A

7th Circuit Pattern Jury Instructions (Criminal), § 1.03

Given _____
Refused _____
Withdrawn _____

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS. IN LAW WE CALL THIS "INFERENCE." A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES. ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

Court's Instruction No. 4

7th Circuit Pattern Jury Instructions (Criminal), § 1.04

Given ✓
Refused _____
Withdrawn _____

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE." DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE. ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

Court's Instruction No. 5

7th Circuit Pattern Jury Instructions (Criminal), § 1.05

Given ✓
Refused _____
Withdrawn _____

CERTAIN THINGS ARE NOT EVIDENCE. I WILL LIST THEM FOR YOU:

FIRST, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD, ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

SECOND, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED. THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD. SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

THIRD, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

FOURTH, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE. THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

Court's Instruction No. 6

7th Circuit Pattern Jury Instructions (Criminal), § 1.06

Given ✓
Refused _____
Withdrawn _____

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN

PREPARATION FOR TRIAL.

Court's Instruction No. 7

7th Circuit Pattern Jury Instructions (Criminal), § 1.07

Given ✓
Refused _____
Withdrawn _____

YOU MAY FIND THE TESTIMONY OF ONE WITNESS OR A FEW WITNESSES MORE PERSUASIVE THAN THE TESTIMONY OF A LARGER NUMBER. YOU NEED NOT ACCEPT THE TESTIMONY OF THE LARGER NUMBER OF WITNESSES.

Court's Instruction No. 8

7th Circuit Federal Jury Instructions (Criminal) § 1.09

Given        ✓
Refused    ____
Withdrawn  ____

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANTS OF AN OFFENSE AND PLACING THE DEFENDANTS ON TRIAL. IT IS NOT EVIDENCE AGAINST THE DEFENDANTS AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT, BRAD O. WILLIAMS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT 1); TWO COUNTS OF ARMED ROBBERY (COUNTS 2 AND 6); FOUR COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNTS 3, 5, 7 AND 9); TWO COUNTS OF ARMED BANK ROBBERY (COUNTS 4 AND 8); AND ONE COUNT OF FELON IN POSSESSION OF A FIREARM (COUNT 10). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, SEVILLE WILLIAMS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT 1); ONE COUNT OF ARMED ROBBERY (COUNT 2 ); TWO COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNTS 3 AND 5); AND ONE COUNT OF ARMED BANK ROBBERY (COUNT 4). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, CLINTON WILLIAMS, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND

TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT 1); TWO COUNTS OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNTS 5 AND 9); AND TWO COUNTS OF ARMED BANK ROBBERY (COUNTS 4 AND 8). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

THE DEFENDANT, RORY TUCKER, IS CHARGED WITH ONE COUNT OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE (COUNT 1); ONE COUNT OF ARMED BANK ROBBERY (COUNT 8); AND ONE COUNT OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE (COUNT 9). THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

Court's Instruction No. 9

7th Circuit Pattern Jury Instructions (Criminal), § 2.01

Given ✓
Refused _____
Withdrawn _____

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )       CRIMINAL NO. 06-20032
                                    )       VIOLATIONS: Title 18, United
                                    )       States Code, Sections 371,
BRAD O. WILLIAMS,                   )       2113(a) and (d), 1951, 924(c),
SEVILLE WILLIAMS,                   )       and 922(g)(1).
CLINTON WILLIAMS,                   )
TYRON THOMAS,                       )
RORY TUCKER,                        )
MARION JEFFERSON, III,              )
BOBBY L. RILEY,                     )
AHSHUN T. COLLINS,                  )
                                    )
        Defendants.                 )

**I N D I C T M E N T**

THE GRAND JURY CHARGES:

**COUNT 1**
**Conspiracy To Commit Armed Bank Robbery, To Commit Robbery,**
**And To Carry And Use A Firearm During And In Relation To**
**And To Possess A Firearm In Furtherance Of A Crime Of Violence**

1.      From in or about November 2005, and continuing to on or about April 24,

2006, in the Central District of Illinois, and elsewhere, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, CLINTON WILLIAMS,**
**TYRON THOMAS, RORY TUCKER, MARION JEFFERSON, III,**
**BOBBY L. RILEY, and AHSHUN T. COLLINS,**

did knowingly and unlawfully combine, conspire, confederate, and agree with each

other and with others to commit the following offenses against the United States:

    a.      To, by force and violence, and by intimidation, take and attempt to

take, from the person and presence of another, property and money
belonging to, and in the care, custody, control, management, and
possession of a federally-insured financial institution, in violation
of Title 18, United States Code, Sections 2113(a) and (d); and

b.   To unlawfully obstruct, delay, and affect, and attempt to obstruct,
delay, and affect commerce by committing the offense of robbery,
in violation of Title 18, United States Code, Section 1951; and

c.   To carry and use a firearm during and in relation to and to possess a
firearm in furtherance of a crime of violence, namely, armed bank robbery
and robbery, in violation of Title 18, United States Code, Section 924©).

## OBJECT OF THE CONSPIRACY

2.     It was the object of the conspiracy for the defendants to commit various

armed robberies of financial institutions and businesses in Kankakee, Peotone, and

Rantoul, Illinois. In so doing, the defendants used force, violence and intimidation

against, and threatened, assaulted and put in jeopardy the lives of, financial institution

and business employees by means of possessing, carrying and using multiple firearms.

During the period of the conspiracy, the defendants committed a total of at least five

armed robberies, during which more than $400,000 was stolen by force and violence.

## OVERT ACTS

3.     As part of the conspiracy, on or about January 3, 2006, defendants **BRAD**

**O. WILLIAMS and SEVILLE WILLIAMS** and other co-conspirators committed the

armed robbery of Walgreen's, Kankakee, Illinois. To accomplish the armed robbery, the

defendants and their co-conspirators caused a fictitious 911 call to be made to Kankakee

authorities concerning a home invasion on the opposite side of town from Walgreen's.

The conspirators, two of whom were armed with handguns, then entered Walgreen's,

and demanded money. As a result of the armed robbery, the defendants and their co-

conspirators stole approximately $2,700.

4.      As a part of the conspiracy, on or about January 11, 2006, defendants

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS** committed

the armed bank robbery of the Commonwealth Credit Union, Kankakee, Illinois. To

accomplish the armed bank robbery, defendants **BRAD O. WILLIAMS and SEVILLE**

**WILLIAMS**, armed with handguns, entered the credit union, threatened employees

with the handguns, and demanded money. As a result of the armed robbery, the

defendants and their co-conspirators stole approximately $313,000. Defendant

**CLINTON WILLIAMS**, the getaway driver, then successfully drove his co-conspirators

away from the credit union.

5.      As a part of the conspiracy, on or about March 28, 2006, defendants **BRAD**

**O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III** committed the

armed robbery of Heights Finance, Kankakee, Illinois. To accomplish the armed robbery,

defendant **BRAD O. WILLIAMS** acted as a lookout, while defendants **THOMAS and**

**JEFFERSON**, one of whom was armed with a handgun, entered the store, threatened the

employees with the handgun and demanded money. One of the defendants then struck an

employee in the head with the gun, causing the gun to discharge. As a result of the armed

robbery, the defendants stole approximately $200.

6.      As a part of the conspiracy, on or about April 7, 2006, defendants **BRAD**

**O. WILLIAMS, TYRON THOMAS, and CLINTON WILLIAMS** and at least one other

co-conspirator committed the armed robbery of the First Community Bank and Trust,

Peotone, Illinois. To accomplish the armed robbery, two of the co-conspirators, both

armed with handguns, entered the bank, threatened the employees with the handguns,

and demanded money. As a result of the armed robbery, the defendants stole approximately
$100,000.

      7.      As a part of the conspiracy, on or about April 24, 2006, defendants
**BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS, RORY TUCKER,**
**MARION JEFFERSON, III, BOBBY L. RILEY, and AHSHUN T. COLLINS** committed
the armed robbery of Community Plus Federal Credit Union, Rantoul, Illinois. To
accomplish the armed robbery, defendants **CLINTON WILLIAMS, RORY TUCKER,**
**and BOBBY L. RILEY** acted as getaway drivers and lookouts, while defendants **BRAD**
**O. WILLIAMS, TYRON THOMAS, MARION JEFFERSON, III and AHSHUN T.**
**COLLINS**, at least three of whom were armed with handguns, entered the credit union,
threatened the employees with the handguns and demanded money. Two of the defendants
struck two credit union employees in the head with handguns. As a result of the armed robbery,
the defendants stole approximately $3,600.

      All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**(Armed Robbery)**

     On or about January 3, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS and SEVILLE WILLIAMS,**

did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect,
commerce, as that term is defined in Title 18, United States Code, Section 1951, by
committing the offense of robbery, as that term is defined in Title 18, United States
Code, Section 1951, in that the defendants did unlawfully take and obtain money and
property from employees of Walgreen's, Kankakee, Illinois, a business engaged in and

that affected interstate commerce, against their will by means of actual and threatened

force, violence, and fear of injury, immediate and future, to their person and to property

in their custody.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT 3
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about January 3, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS and SEVILLE WILLIAMS,**

during and in relation to a crime of violence, namely, armed robbery, as charged in

Count 2, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924©).

## COUNT 4
### (Armed Bank Robbery)

On or about January 11, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS,**

by force and violence, did knowingly take from the presence of another, money and

property belonging to and in the care, custody and possession of the Commonwealth

Credit Union, Kankakee, Illinois, a credit union and financial institution as defined

under federal law; and in committing this offense, the defendants did assault and put in

jeopardy the lives of persons by the use of a dangerous weapon, namely, a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

## COUNT 5
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about January 11, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, SEVILLE WILLIAMS, and CLINTON WILLIAMS,**

during and in relation to a crime of violence, namely, armed bank robbery, as charged

in Count 4, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924©).

## COUNT 6
### (Armed Robbery)

On or about March 28, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III,**

did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect,

commerce, as that term is defined in Title 18, United States Code, Section 1951, by

committing the offense of robbery, as that term is defined in Title 18, United States

Code, Section 1951, in that the defendants did unlawfully take and obtain money and

property from employees of Heights Finance, Kankakee, Illinois, a business engaged in

and that affected interstate commerce, against their will by means of actual and

threatened force, violence, and fear of injury, immediate and future, to their person and

to property in their custody.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT 7
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about March 28, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and MARION JEFFERSON, III,**

during and in relation to a crime of violence, namely, armed robbery, as charged in

Count 6, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924©).

## COUNT 8
### (Armed Bank Robbery)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS,
RORY TUCKER, MARION JEFFERSON, III,
BOBBY L. RILEY, and AHSHUN T. COLLINS,**

by force and violence, did knowingly take from the presence of another, money and

property belonging to and in the care, custody and possession of Community Plus

Federal Credit Union, Rantoul, Illinois, a credit union and financial institution as

defined under federal law; and in committing this offense, the defendants did assault

and put in jeopardy the lives of persons by the use of a dangerous weapon, namely, a

firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

## COUNT 9
### (Carrying and Using A Firearm During A Crime Of Violence)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, CLINTON WILLIAMS, TYRON THOMAS,
RORY TUCKER, MARION JEFFERSON, III,
BOBBY L. RILEY, and AHSHUN T. COLLINS,**

during and in relation to a crime of violence, namely, armed bank robbery, as charged

in Count 8, used and carried a firearm.

All in violation of Title 18, United States Code, Section 924©).

## COUNT 10
### (Felon In Possession Of A Firearm)

On or about April 24, 2006, in the Central District of Illinois, the defendants,

**BRAD O. WILLIAMS, TYRON THOMAS, and AHSHUN T. COLLINS,**

after previously being convicted of a crime punishable by more than one year of

imprisonment, did knowingly and unlawfully possess a firearm, which had previously

been shipped or transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

Court's Instruction No. 10

Given ✓
Refused _____
Withdrawn _____

THE DEFENDANTS ARE PRESUMED TO BE INNOCENT OF THE CHARGES. THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICTS. IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS ARE GUILTY AS CHARGED. THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANTS BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE. THE DEFENDANTS ARE NEVER REQUIRED TO PROVE THEIR INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

Court's Instruction No. 11

7th Circuit Pattern Jury Instructions (Criminal), § 2.03

Given ✓
Refused _____
Withdrawn _____

THE DEFENDANTS HAVE AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT
THAT THE DEFENDANTS DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU
IN ANY WAY IN ARRIVING AT YOUR VERDICT.

Court's Instruction No. 12

7th Circuit Pattern Jury Instructions (Criminal), § 3.01

Given _____
Refused _____
Withdrawn _____

THE DEFENDANTS HAVE AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT
THAT DEFENDANTS SEVILLE WILLIAMS AND CLINTON WILLIAMS DID NOT
TESTIFY SHOULD NOT BE CONSIDERED BY YOU IN ANY WAY IN ARRIVING AT
YOUR VERDICT.

Court's Instruction No. 12

7th Circuit Pattern Jury Instructions (Criminal), § 3.01

Given ✓
Refused _____
Withdrawn _____

YOU HAVE RECEIVED EVIDENCE OF A STATEMENT SAID TO BE MADE BY
DEFENDANT CLINTON WILLIAMS TO SPECIAL AGENTS JOHN PARRISH AND KEVIN
ROLLINS. YOU MUST DECIDE WHETHER THE DEFENDANT DID IN FACT MAKE
THE STATEMENT. IF YOU FIND THAT THE DEFENDANT DID MAKE THE
STATEMENT, THEN YOU MUST DECIDE WHAT WEIGHT, IF ANY, YOU FEEL THE
STATEMENT DESERVES. IN MAKING THIS DECISION, YOU SHOULD CONSIDER ALL
MATTERS IN EVIDENCE HAVING TO DO WITH THE STATEMENT, INCLUDING
THOSE CONCERNING THE DEFENDANT HIMSELF AND THE CIRCUMSTANCES
UNDER WHICH THE STATEMENT WAS MADE.

Court's Instruction No. 13

7th Circuit Federal Jury Instructions (Criminal) § 3.02

Given _____
Refused _____
Withdrawn ✓

YOU HAVE HEARD WITNESSES GIVE OPINIONS ABOUT MATTERS REQUIRING SPECIAL KNOWLEDGE OR SKILL.  YOU SHOULD JUDGE THIS TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.  THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT.  GIVE THE TESTIMONY WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE OTHER EVIDENCE IN THE CASE.

Court's Instruction No. 14

7th Circuit Pattern Jury Instructions (Criminal), § 3.07

Given _____
Refused _____
Withdrawn ✓

YOU HAVE HEARD EVIDENCE THAT BEFORE THE TRIAL A WITNESS MADE A STATEMENT THAT MAY BE INCONSISTENT WITH THE WITNESS'S TESTIMONY HERE IN COURT. IF YOU FIND THAT IT IS INCONSISTENT, YOU MAY CONSIDER THE EARLIER STATEMENT ONLY IN DECIDING THE TRUTHFULNESS AND ACCURACY OF THAT WITNESS'S TESTIMONY IN THIS TRIAL. YOU MAY NOT USE IT AS EVIDENCE OF THE TRUTH OF THE MATTERS CONTAINED IN THAT PRIOR STATEMENT. IF THAT STATEMENT WAS MADE UNDER OATH, YOU MAY ALSO CONSIDER IT AS EVIDENCE OF THE TRUTH OF THE MATTERS CONTAINED IN THAT PRIOR STATEMENT.

Court's Instruction No. 15

7th Circuit Federal Jury Instructions (Criminal) § 3.09

Given        ✓
Refused      _____
Withdrawn    _____

YOU HAVE HEARD EVIDENCE THAT DEFENDANT RORY TUCKER HAS BEEN CONVICTED OF A CRIME. YOU MAY CONSIDER THIS EVIDENCE ONLY IN DECIDING WHETHER HIS TESTIMONY IS TRUTHFUL IN WHOLE, IN PART, OR NOT AT ALL. YOU MAY NOT CONSIDER THIS EVIDENCE FOR ANY OTHER PURPOSE.

Court's Instruction No. 16

7th Circuit Federal Jury Instructions (Criminal) § 3.11

Given  _____
Refused  _____
Withdrawn  _____

YOU HAVE HEARD EVIDENCE THAT DEFENDANT BRAD WILLIAMS HAS BEEN CONVICTED OF CRIMES. YOU MAY CONSIDER THIS EVIDENCE IN DECIDING WHETHER HIS TESTIMONY IS TRUTHFUL IN WHOLE, IN PART, OR NOT AT ALL. YOU MAY ALSO CONSIDER THIS EVIDENCE ON THE ISSUE OF WHETHER, ON OR ABOUT APRIL 24, 2006, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE YEAR.   YOU MAY NOT CONSIDER IT FOR ANY OTHER PURPOSE.

Court's Instruction No. 15A

7th Circuit Federal Jury Instructions (Criminal) § 3.11

Given    ✓
Refused  _____
Withdrawn _____

YOU HAVE HEARD TESTIMONY FROM NATHEIN FRANKLIN, OLIVIA JAMES, MARION JEFFERSON, TYRON THOMAS, AHSHUN COLLINS, BOBBY RILEY, AND DERRICK GRACE WHO:

(A) RECEIVED IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT TESTIMONY OR OTHER INFORMATION HE/SHE PROVIDED WOULD NOT BE USED AGAINST HIM/HER IN A CRIMINAL CASE;

(B) RECEIVED BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY THE POSSIBILITY OF A REDUCTION IN SENTENCE;

(C) HAS ADMITTED LYING UNDER OATH;

(D) STATED THAT HE/SHE WAS INVOLVED IN THE COMMISSION OF ONE OR MORE OF THE OFFENSES AS CHARGED AGAINST THE DEFENDANTS;

(E) HAS PLEADED GUILTY TO OFFENSES ARISING OUT OF THE SAME OCCURRENCE FOR WHICH THE DEFENDANT IS NOW ON TRIAL. HIS/HER GUILTY PLEA IS NOT TO BE CONSIDERED AS EVIDENCE AGAINST ANY DEFENDANT AND/OR;

(F) RECEIVED BENEFITS FROM A STATE'S ATTORNEY'S OFFICE, NAMELY A REDUCTION IN SENTENCE.

YOU MAY GIVE THEIR TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

Court's Instruction No. 16A

7th Circuit Pattern Jury Instructions (Criminal), § 3.13

Given ✓
Refused _____
Withdrawn _____

YOU HAVE HEARD TESTIMONY FROM AHSHUN COLLINS WHO RECEIVED
BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY
IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT ANY
TESTIMONY OR OTHER INFORMATION HE PROVIDED WOULD NOT BE USED
AGAINST HIM IN A CRIMINAL CASE; AND A RECOMMENDATION BY THE
GOVERNMENT OF A LESSER SENTENCE IN THIS CASE.

YOU MAY GIVE HIS TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES,
KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT
CARE.

Court's Instruction No. 17

7th Circuit Federal Jury Instructions (Criminal) No. 3.13

Given _____
Refused _____
Withdrawn ✓

YOU HAVE HEARD TESTIMONY FROM MARION JEFFERSON WHO RECEIVED BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT ANY TESTIMONY OR OTHER INFORMATION HE PROVIDED WOULD NOT BE USED AGAINST HIM IN A CRIMINAL CASE; AND A RECOMMENDATION BY THE GOVERNMENT OF A LESSER SENTENCE IN THIS CASE.

YOU MAY GIVE HIS TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

Court's Instruction No. 18

7th Circuit Federal Jury Instructions (Criminal) No. 3.13

Given _____
Refused _____
Withdrawn ✓

YOU HAVE HEARD TESTIMONY FROM TYRON THOMAS WHO RECEIVED

BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY

IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT ANY

TESTIMONY OR OTHER INFORMATION HE PROVIDED WOULD NOT BE USED

AGAINST HIM IN A CRIMINAL CASE; AND A RECOMMENDATION BY THE

GOVERNMENT OF A LESSER SENTENCE IN THIS CASE.

YOU MAY GIVE HIS TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES,

KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT

CARE.

Court's Instruction No. 19

7th Circuit Federal Jury Instructions (Criminal) No. 3.13

Given _____
Refused _____
Withdrawn ✓

YOU HAVE HEARD TESTIMONY FROM BOBBY RILEY WHO RECEIVED BENEFITS FROM THE GOVERNMENT IN CONNECTION WITH THIS CASE, NAMELY IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT ANY TESTIMONY OR OTHER INFORMATION HE PROVIDED WOULD NOT BE USED AGAINST HIM IN A CRIMINAL CASE; AND A RECOMMENDATION BY THE GOVERNMENT OF A LESSER SENTENCE IN THIS CASE.

YOU MAY GIVE HIS TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

Court's Instruction No. 20

7th Circuit Federal Jury Instructions (Criminal) No. 3.13

Given _____
Refused _____
Withdrawn _✓_

CERTAIN SUMMARIES ARE IN EVIDENCE. THEY TRULY AND ACCURATELY SUMMARIZE THE CONTENTS OF VOLUMINOUS BOOKS, RECORDS, OR DOCUMENTS, AND SHOULD BE CONSIDERED TOGETHER WITH AND IN THE SAME WAY AS ALL OTHER EVIDENCE IN THE CASE.

Court's Instruction No. 21

7th Circuit Pattern Jury Instructions (Criminal), § 3.15

Given ✓
Refused _____
Withdrawn _____

YOU HAVE HEARD RECORDED CONVERSATIONS. THESE CONVERSATIONS ARE PROPER EVIDENCE AND YOU MAY CONSIDER THEM, JUST AS ANY OTHER EVIDENCE.

AS YOU DELIBERATE, IF YOU DECIDE THAT YOU WOULD LIKE TO HEAR ANY OF THE RECORDED CONVERSATIONS, ASK THE MARSHAL IN WRITING AND YOU WILL BE BROUGHT INTO THE COURTROOM WHERE THE REQUESTED AUDIO TAPE WILL BE PLAYED FOR YOU.  YOU ARE NOT REQUIRED TO LISTEN TO THE RECORDED CONVERSATIONS, IN PART OR IN WHOLE.  YOU MAY RELY, INSTEAD, ON YOUR RECOLLECTION OF THESE RECORDED CONVERSATIONS AS YOU HEARD THEM AT TRIAL.

Court's Instruction No. 22

7th Circuit Pattern Jury Instructions (Criminal), § 3.17

Given ✓

Refused _____

Withdrawn _____

YOU HAVE SEEN VIDEO TAPE RECORDINGS.  THESE VIDEO TAPES ARE PROPER EVIDENCE AND YOU MAY CONSIDER THEM, JUST AS ANY OTHER EVIDENCE.

AS YOU DELIBERATE, IF YOU DECIDE THAT YOU WOULD LIKE TO VIEW ANY VIDEO TAPE, ASK THE MARSHAL IN WRITING AND YOU WILL BE BROUGHT INTO THE COURTROOM WHERE THE REQUESTED VIDEO OR VIDEOS WILL BE PLAYED FOR YOU.  YOU ARE NOT REQUIRED TO VIEW THE VIDEO TAPE RECORDINGS, IN PART OR IN WHOLE.  YOU MAY RELY, INSTEAD, ON YOUR RECOLLECTION OF THESE VIDEO TAPE RECORDINGS AS YOU VIEWED THEM AT TRIAL.

Court's Instruction No. 23

7th Circuit Federal Jury Instructions (Criminal) § 3.17 (modified)

Given ✓
Refused _____
Withdrawn _____

THE INDICTMENT CHARGES THAT THE OFFENSE WAS COMMITTED "ON OR ABOUT" CERTAIN DATES.  THE GOVERNMENT MUST PROVE THAT THE OFFENSE HAPPENED REASONABLY CLOSE TO THOSE DATES BUT IS NOT REQUIRED TO PROVE THAT THE ALLEGED OFFENSE HAPPENED ON THOSE EXACT DATES.

Court's Instruction No. 24

7th Circuit Federal Jury Instructions (Criminal) § 4.04

Given ✓
Refused _____
Withdrawn _____

EVEN THOUGH THE DEFENDANTS ARE BEING TRIED TOGETHER, YOU MUST GIVE EACH OF THEM SEPARATE CONSIDERATION. IN DOING THIS, YOU MUST ANALYZE WHAT THE EVIDENCE SHOWS ABOUT EACH DEFENDANT, LEAVING OUT OF CONSIDERATION ANY EVIDENCE THAT WAS ADMITTED SOLELY AGAINST SOME OTHER DEFENDANT OR DEFENDANTS. EACH DEFENDANT IS ENTITLED TO HAVE HIS CASE DECIDED ON THE EVIDENCE AND THE LAW THAT APPLIES TO THAT DEFENDANT.

Court's Instruction No. 25

7th Circuit Pattern Jury Instructions (Criminal), § 4.05

Given ✓
Refused _____
Withdrawn _____

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

Court's Instruction No. 26

7th Circuit Pattern Jury Instructions (Criminal), § 4.06

Given ✓
Refused _____
Withdrawn _____

AN OFFENSE MAY BE COMMITTED BY MORE THAN ONE PERSON.  A

DEFENDANT'S GUILT MAY BE ESTABLISHED WITHOUT PROOF THAT THE

DEFENDANT PERSONALLY PERFORMED EVERY ACT CONSTITUTING THE CRIME

CHARGED.

Court's Instruction No. 27

7th Circuit Pattern Jury Instructions (Criminal), § 5.05

Given ✔
Refused _____
Withdrawn _____

ANY PERSON WHO KNOWINGLY AIDS, COUNSELS, COMMANDS, INDUCES, OR PROCURES THE COMMISSION OF AN OFFENSE MAY BE FOUND GUILTY OF THAT OFFENSE. THAT PERSON MUST KNOWINGLY ASSOCIATE WITH THE CRIMINAL ACTIVITY, PARTICIPATE IN THE ACTIVITY, AND TRY TO MAKE IT SUCCEED.

IF A DEFENDANT KNOWINGLY CAUSED THE ACTS OF ANOTHER, THE DEFENDANT IS RESPONSIBLE FOR THOSE ACTS AS THOUGH HE PERSONALLY COMMITTED THEM.

Court's Instruction No. 28

7th Circuit Pattern Jury Instructions (Criminal), § 5.06

Given ✓
Refused _____
Withdrawn _____

A CONSPIRACY IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO ACCOMPLISH AN UNLAWFUL PURPOSE.  TO SUSTAIN THE CHARGE OF CONSPIRACY, THE GOVERNMENT MUST PROVE AS TO EACH DEFENDANT:

FIRST, THAT THE CONSPIRACY AS CHARGED IN COUNT 1 EXISTED; AND

SECOND, THAT THE DEFENDANT KNOWINGLY BECAME A MEMBER OF THE CONSPIRACY WITH AN INTENTION TO FURTHER THE CONSPIRACY; AND

THIRD, THAT AN OVERT ACT WAS COMMITTED BY AT LEAST ONE CONSPIRATOR IN FURTHERANCE OF THE CONSPIRACY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

AS TO DEFENDANT CLINTON WILLIAMS, IF YOU FIND THAT THE DEFENDANT HAS PROVED THE DEFENSE OF INSANITY BY CLEAR AND CONVINCING EVIDENCE, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY ONLY BY REASON OF INSANITY.

IT IS NOT NECESSARY THAT ALL THE OVERT ACTS CHARGED IN THE INDICTMENT BE PROVED, AND THE OVERT ACT PROVED MAY ITSELF BE A LAWFUL ACT.

TO BE A MEMBER OF THE CONSPIRACY, THE DEFENDANT NEED NOT JOIN AT THE BEGINNING OR KNOW ALL THE OTHER MEMBERS OR THE MEANS BY WHICH ITS PURPOSE WAS TO BE ACCOMPLISHED.  THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS AWARE OF THE COMMON PURPOSE AND WAS A WILLING PARTICIPANT.

Court's Instruction No. 29

7th Circuit Pattern Jury Instructions (Criminal), § 5.08

Given ✓
Refused _____
Withdrawn _____

A CONSPIRACY IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO ACCOMPLISH AN UNLAWFUL PURPOSE.  TO SUSTAIN THE CHARGE OF CONSPIRACY, THE GOVERNMENT MUST PROVE:

FIRST, THAT THE CONSPIRACY AS CHARGED IN COUNT 1 EXISTED; AND

SECOND, THAT THE DEFENDANT KNOWINGLY BECAME A MEMBER OF THE CONSPIRACY WITH AN INTENTION TO FURTHER THE CONSPIRACY; AND

THIRD, THAT AN OVERT ACT WAS COMMITTED BY AT LEAST ONE CONSPIRATOR IN FURTHERANCE OF THE CONSPIRACY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

AS TO DEFENDANT CLINTON WILLIAMS, IF YOU FIND THAT THE DEFENDANT HAS PROVED THE DEFENSE OF INSANITY BY CLEAR AND CONVINCING EVIDENCE, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY ONLY BY REASON OF INSANITY.

IT IS NOT NECESSARY THAT ALL THE OVERT ACTS CHARGED IN THE INDICTMENT BE PROVED, AND THE OVERT ACT PROVED MAY ITSELF BE A LAWFUL ACT.

TO BE A MEMBER OF THE CONSPIRACY, THE DEFENDANT NEED NOT JOIN AT THE BEGINNING OR KNOW ALL THE OTHER MEMBERS OR THE MEANS BY WHICH ITS PURPOSE WAS TO BE ACCOMPLISHED.  THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS AWARE OF THE COMMON PURPOSE AND WAS A WILLING PARTICIPANT.

Court's Instruction No. 29

7th Circuit Pattern Jury Instructions (Criminal), § 5.08

Given _____
Refused _____
Withdrawn _____

A CONSPIRATOR IS RESPONSIBLE FOR OFFENSES COMMITTED BY HIS FELLOW CONSPIRATORS IF HE WAS A MEMBER OF THE CONSPIRACY WHEN THE OFFENSE WAS COMMITTED AND IF THE OFFENSE WAS COMMITTED IN FURTHERANCE OF AND AS A FORESEEABLE CONSEQUENCE OF THE CONSPIRACY.

THEREFORE, IF YOU FIND A DEFENDANT GUILTY OF THE CONSPIRACY AS CHARGED IN COUNT 1 AND IF YOU FIND BEYOND A REASONABLE DOUBT THAT WHILE HE WAS A MEMBER OF THE CONSPIRACY, HIS FELLOW CONSPIRATORS COMMITTED THE OFFENSES IN COUNTS 2 THROUGH 9 IN FURTHERANCE OF AND AS A FORESEEABLE CONSEQUENCE OF THAT CONSPIRACY, THEN YOU SHOULD FIND HIM GUILTY OF THOSE SAME COUNTS IN WHICH THE DEFENDANT IS CHARGED.

Court's Instruction No. 30

7th Circuit Pattern Jury Instructions (Criminal), § 5.09

Given ✓
Refused _____
Withdrawn _____

A DEFENDANT'S PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED IS NOT ALONE SUFFICIENT TO ESTABLISH THE DEFENDANT'S GUILT.

A DEFENDANT'S ASSOCIATION WITH CONSPIRATORS IS NOT BY ITSELF SUFFICIENT TO PROVE HIS PARTICIPATION OR MEMBERSHIP IN A CONSPIRACY.

Court's Instruction No. 31

7th Circuit Pattern Jury Instructions (Criminal), § 5.11(a)

Given ✓
Refused _____
Withdrawn _____

IF A DEFENDANT PERFORMED ACTS THAT ADVANCED A CRIMINAL

ACTIVITY BUT HAD NO KNOWLEDGE THAT A CRIME WAS BEING COMMITTED OR

WAS ABOUT TO BE COMMITTED, THOSE ACTS ALONE ARE NOT SUFFICIENT TO

ESTABLISH THE DEFENDANT'S GUILT.

Court's Instruction No. 32

7th Circuit Pattern Jury Instructions (Criminal), § 5.11(b)

Given ✓
Refused _____
Withdrawn _____

TO SUSTAIN THE CHARGE OF EXTORTION BY ROBBERY, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT KNOWINGLY OBTAINED MONEY OR PROPERTY FROM OR IN THE PRESENCE OF AN EMPLOYEE OF THE BUSINESS NAMED IN THE PARTICULAR COUNT;

SECOND, THAT THE DEFENDANT DID SO BY MEANS OF ROBBERY, AS THAT TERM IS DEFINED IN THESE INSTRUCTIONS;

THIRD, THAT THE DEFENDANT BELIEVED THAT THE EMPLOYEE PARTED WITH THE MONEY OR PROPERTY BECAUSE OF THE ROBBERY; AND

FOURTH, THAT THE ROBBERY AFFECTED INTERSTATE COMMERCE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

Court's Instruction No. 33

Given ✓
Refused _____
Withdrawn _____

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. § 1951 (Elements - Robbery)

ROBBERY MEANS THE UNLAWFUL TAKING OR OBTAINING OF PERSONAL PROPERTY FROM THE PERSON OR IN THE PRESENCE OF ANOTHER AGAINST HIS/HER WILL, BY MEANS OF ACTUAL OR THREATENED FORCE, OR VIOLENCE OR FEAR OF INJURY, IMMEDIATE OR FUTURE, TO HIS/HER PERSON OR PROPERTY, OR PROPERTY IN HIS/HER CUSTODY OR POSSESSION, OR THE PERSON OR PROPERTY OF A RELATIVE OR MEMBER OF HIS/HER FAMILY OR OF ANYONE IN HIS/HER COMPANY AT THE TIME OF THE TAKING OR OBTAINING.

Court's Instruction No. 34

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. § 1951
(Definition of Robbery)

Given ✓
Refused _____
Withdrawn _____

WITH RESPECT TO COUNTS 2 AND 6, THE GOVERNMENT MUST PROVE THAT THE DEFENDANTS' ACTIONS AFFECTED INTERSTATE COMMERCE IN ANY WAY OR DEGREE. THIS MEANS THAT THE NATURAL CONSEQUENCES OF THE DEFENDANTS' ACTIONS WERE SOME EFFECT ON INTERSTATE COMMERCE, HOWEVER MINIMAL. THIS WOULD INCLUDE REDUCING THE ASSETS OF A BUSINESS THAT CUSTOMARILY PURCHASED GOODS FROM OUTSIDE OF THE STATE OF ILLINOIS OR ACTUALLY ENGAGED IN BUSINESS OUTSIDE THE STATE OF ILLINOIS, AND IF THOSE ASSETS WOULD HAVE BEEN AVAILABLE TO THE BUSINESS FOR THE PURCHASE OF SUCH GOODS OR THE CONDUCTING OF SUCH BUSINESS IF NOT FOR THE DEFENDANTS' CONDUCT. IT IS NOT NECESSARY FOR YOU TO FIND THAT THE DEFENDANT KNEW OR INTENDED THAT HIS ACTIONS WOULD AFFECT INTERSTATE COMMERCE OR THAT THERE HAS BEEN AN ACTUAL AFFECT ON INTERSTATE COMMERCE.

**FILED**

NOV 0 7 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

GOVERNMENT INSTRUCTION NO. _A_

SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS, 18 U.S.C. § 1951 (Interstate Commerce - Definition)

*Given w/o*

34 A

TO SUSTAIN THE CHARGE OF AGGRAVATED BANK ROBBERY, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THE DEFENDANT TOOK OR ATTEMPTED TO TAKE, FROM THE PERSON OR PRESENCE OF ANOTHER, MONEY OR PROPERTY BELONGING TO OR IN THE CARE, CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION OF THE FINANCIAL INSTITUTION NAMED IN THE INDICTMENT

SECOND, AT THE TIME CHARGED IN THE INDICTMENT THE FINANCIAL INSTITUTION HAD ITS DEPOSITS INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION OR THE NATIONAL CREDIT UNION ADMINISTRATION;

THIRD, THE DEFENDANT TOOK OR ATTEMPTED TO TAKE SUCH MONEY OR PROPERTY BY MEANS OF FORCE AND VIOLENCE, OR BY MEANS OF INTIMIDATION; AND

FOURTH, THE DEFENDANT ASSAULTED OR PUT IN JEOPARDY THE LIFE OF AN EMPLOYEE OF THE FINANCIAL INSTITUTION BY THE USE OF A DANGEROUS WEAPON OR DEVICE, WHILE COMMITTING OR ATTEMPTING TO COMMIT THE THEFT OR BURGLARY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAVE NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

AS TO DEFENDANT CLINTON WILLIAMS, IF YOU FIND THAT THE DEFENDANT HAS PROVED THE DEFENSE OF INSANITY BY CLEAR AND CONVINCING EVIDENCE, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY ONLY BY REASON OF INSANITY.

Court's Instruction No. 35

Given ✓
Refused _____
Withdrawn _____

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. § 2113 (Elements - Aggravated Bank Robbery)

THE PHRASE "PUT IN JEOPARDY THE LIFE OF ANY PERSON" AS USED IN THESE INSTRUCTIONS MEANS TO KNOWINGLY DO AN ACT WHICH EXPOSES ANOTHER PERSON TO RISK OF DEATH.  IN CONSIDERING THIS ELEMENT, YOU MUST FOCUS ON THE ACTUAL RISK OF DEATH CREATED BY THE USE OF THE DANGEROUS WEAPON OR DEVICE.  THIS RISK MIGHT INCLUDE DIRECT RISK TO BANK EMPLOYEES AND INDIRECT RISK THROUGH A VIOLENT RESPONSE BY A CUSTOMER OR THE POLICE.

Court's Instruction No. 36

7th Circuit Pattern Jury Instructions (Criminal), § 18 U.S.C. § 2113(d) (Definition of Put in Jeopardy the Life of Another Person)

Given ✓

Refused _____

Withdrawn _____

TO SUSTAIN THE CHARGE OF USING AND CARRYING A FIREARM DURING

OR IN RELATION TO A VIOLENT CRIME, THE GOVERNMENT MUST PROVE THE

FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT COMMITTED THE CRIME OF ARMED

ROBBERY OR ARMED BANK ROBBERY AS CHARGED IN THE INDICTMENT; AND

SECOND, THAT THE DEFENDANT KNOWINGLY USED ~~AND~~ *OR* CARRIED A

FIREARM DURING AND IN RELATION TO THAT CRIME.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT

EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE

DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT

ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A

REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

*out* AS TO DEFENDANT CLINTON WILLIAMS, IF YOU FIND THAT THE

DEFENDANT HAS PROVED THE DEFENSE OF INSANITY BY CLEAR AND

CONVINCING EVIDENCE, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY

ONLY BY REASON OF INSANITY.

Court's Instruction No. 37

Given ✓
Refused _____
Withdrawn _____

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §924(c)
(Elements - Definition of Using/Carrying Firearm During a Violent Crime)

A DEFENDANT CARRIES A FIREARM WHEN HE TRANSPORTS THE FIREARM ON HIS PERSON AND DOES SO DURING AND IN RELATION TO THE VIOLENT CRIME THAT HE IS COMMITTING.

A DEFENDANT MAY CARRY A FIREARM EVEN WHEN THE FIREARM IS NOT IMMEDIATELY ACCESSIBLE BECAUSE IT IS CONTAINED IN A LOCKED CASE OR COMPARTMENT.



Court's Instruction No. 38

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §924(c)
(Definition of Carry)

Given _____
Refused _____
Withdrawn _____

TO SUSTAIN THE CHARGE OF USING AND CARRYING A FIREARM DURING

OR IN RELATION TO A VIOLENT CRIME, THE GOVERNMENT MUST PROVE THE

FOLLOWING PROPOSITIONS:

FIRST, THAT THE DEFENDANT COMMITTED THE CRIME OF ARMED

ROBBERY OR ARMED BANK ROBBERY AS CHARGED IN THE INDICTMENT; AND

SECOND, THAT THE DEFENDANT KNOWINGLY USED OR CARRIED A

FIREARM DURING AND IN RELATION TO THAT CRIME.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT

EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE

DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT

ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A

REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

AS TO DEFENDANT CLINTON WILLIAMS, IF YOU FIND THAT THE

DEFENDANT HAS PROVED THE DEFENSE OF INSANITY BY CLEAR AND

CONVINCING EVIDENCE, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY

ONLY BY REASON OF INSANITY.

out

Court's Instruction No. 37

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §924(c)
(Elements - Definition of Using/Carrying Firearm During a Violent Crime)

Given ✓
Refused _____
Withdrawn _____

A DEFENDANT CARRIES A FIREARM WHEN HE TRANSPORTS THE FIREARM

ON HIS PERSON OR IN A VEHICLE AND DOES SO DURING AND IN RELATION TO

THE VIOLENT CRIME THAT HE IS COMMITTING.

Court's Instruction No. 38

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §924(c)
 (Definition of Carry)

Given ✓
Refused _____
Withdrawn _____

TO SUSTAIN THE CHARGE OF UNLAWFUL POSSESSION OF A FIREARM, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

FIRST, THAT, PRIOR TO THE DATE CHARGED IN THE INDICTMENT, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME THAT WAS PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE YEAR;

SECOND, THAT ON OR ABOUT THE DATE CHARGED IN THE INDICTMENT, THE DEFENDANT KNOWINGLY POSSESSED A FIREARM; AND

THIRD, THAT THE FIREARM POSSESSED BY THE DEFENDANT HAD TRAVELED IN INTERSTATE COMMERCE PRIOR TO DEFENDANT'S POSSESSION OF IT ON THAT DATE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

Court's Instruction No. 39

7th Circuit Pattern Jury Instructions (Criminal), § 18 U.S.C. § 922 (g)(1)

Given ✓
Refused _____
Withdrawn _____

A DEFENDANT USES A FIREARM WHEN HE ACTIVELY EMPLOYS IT IN SOME WAY THAT IS RELATED TO THE VIOLENT CRIME THAT HE IS COMMITTING.  USE MAY INCLUDE BRANDISHING, DISPLAYING, STRIKING WITH, FIRING OR ATTEMPTING TO FIRE A FIREARM OR MAKING REFERENCE TO A FIREARM IN THE DEFENDANT'S POSSESSION.  MERE PRESENCE OF A FIREARM AT THE SCENE OF THE CRIME WITHOUT ACTIVE EMPLOYMENT OF THAT KIND IS NOT SUFFICIENT TO CONSTITUTE USE OF THAT FIREARM.

Court's Instruction No. 40

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §924(c)
(Definition of Use)

Given ✓
Refused _____
Withdrawn _____

A FIREARM HAS TRAVELED IN INTERSTATE COMMERCE IF IT HAS

TRAVELED BETWEEN ONE STATE OR COUNTRY AND ANY OTHER STATE, OR

ACROSS A STATE OR NATIONAL BOUNDARY LINE.  THE GOVERNMENT NEED NOT

PROVE HOW THE FIREARM TRAVELED IN INTERSTATE COMMERCE OR THAT THE

FIREARM'S TRAVEL WAS RELATED TO THE DEFENDANT'S POSSESSION OF IT OR

THAT THE DEFENDANT KNEW THE FIREARM HAD TRAVELED IN INTERSTATE

COMMERCE.

Court's Instruction No. 41

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. § 922(g)
  (Definition of Commerce)

Given ✓
Refused _____
Withdrawn _____

POSSESSION OF AN OBJECT IS THE ABILITY TO CONTROL IT. POSSESSION MAY EXIST EVEN WHEN A PERSON IS NOT IN PHYSICAL CONTACT WITH THE OBJECT, BUT KNOWINGLY HAS THE POWER AND INTENTION TO EXERCISE DIRECTION OR CONTROL OVER IT, EITHER DIRECTLY OR THROUGH OTHERS.

Court's Instruction No. 42

7th Circuit Pattern Jury Instructions (Criminal), 18 U.S.C. §922(g)
  (Definition of Possession)

Given ✓
Refused _____
Withdrawn _____

IF, AT THE TIME OF THE COMMISSION OF THE OFFENSE, DEFENDANT

CLINTON WILLIAMS, AS A RESULT OF A SEVERE MENTAL DISEASE OR DEFECT,

WAS UNABLE TO APPRECIATE THE NATURE AND QUALITY OR THE

WRONGFULNESS OF HIS ACTS, THEN THE DEFENDANT IS NOT GUILTY BY

REASON OF INSANITY.

Court's Instruction No. 43

7th Circuit Pattern Jury Instructions (Criminal), § 6.02

Given _____
Refused _____
Withdrawn ___✓___

EACH COUNT OF THE INDICTMENT CHARGES EACH DEFENDANT NAMED IN THAT COUNT WITH HAVING COMMITTED A SEPARATE OFFENSE.

YOU MUST GIVE SEPARATE CONSIDERATION BOTH TO EACH COUNT AND TO EACH DEFENDANT.  YOU MUST CONSIDER EACH COUNT AND THE EVIDENCE RELATING TO IT SEPARATE AND APART FROM EVERY OTHER COUNT.

YOU SHOULD RETURN A SEPARATE VERDICT AS TO EACH DEFENDANT AND AS TO EACH COUNT.  YOUR VERDICT OF GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO THAT DEFENDANT UNDER ANY OTHER COUNT.

Court's Instruction No. 44

7th Circuit Pattern Jury Instructions (Criminal), § 7.04

Given ✓
Refused _____
Withdrawn _____

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS

TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU

SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. YOUR NOTES ARE

NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR

INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE

UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT

ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION

OF EACH JUROR ABOUT THE TESTIMONY.

Court's Instruction No. 45

Given  ✓
Refused _____
Withdrawn _____

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

VERDICT FORMS HAVE BEEN PREPARED FOR YOU.

TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE FORMS, AND EACH OF YOU WILL SIGN THEM.

Court's Instruction No. 46

7th Circuit Pattern Jury Instructions (Criminal), § 7.01

Given ✓
Refused _____
Withdrawn _____

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

Court's Instruction No. 47

7th Circuit Pattern Jury Instructions (Criminal), § 7.05

Given ✓
Refused _____
Withdrawn _____

THE VERDICTS MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICTS, WHETHER THEY BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS. DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND. DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG. BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

Court's Instruction No. 48

7th Circuit Pattern Jury Instructions (Criminal), § 7.06

Given ✓
Refused _____
Withdrawn _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) CRIMINAL NO. 06-20032 |
| | ) VIOLATION: TITLE 18, UNITED |
| vs. | ) STATES CODE, SECTIONS 371, |
| | ) 2113(a) and (d), 1951, 924©) and |
| BRAD O. WILLIAMS, | ) 922(g)(1) |
| | ) |
| DEFENDANT. | ) |

### VERDICT ONE

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT ROBBERY,

AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO AND TO POSSESS A

FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF ARMED ROBBERY, AS CHARGED IN COUNT 2 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE AS

CHARGED IN COUNT 3 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF ARMED BANK ROBBERY AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE AS

CHARGED IN COUNT 5 OF THE INDICTMENT.

VERDICT ONE
Page 1 of 2

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF ARMED ROBBERY AS CHARGED IN COUNT 6 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE AS

CHARGED IN COUNT 7 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF ARMED BANK ROBBERY AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE AS

CHARGED IN COUNT 9 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS, _____ OF
(GUILTY, NOT GUILTY)

THE OFFENSE OF FELON IN POSSESSION OF A FIREARM AS CHARGED IN COUNT 10 OF THE

INDICTMENT.

DATE: _____

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____
_____     _____
                            FOREPERSON

VERDICT ONE
Page 2 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(C) and |
| BRAD O. WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **VERDICT ONE**

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY, AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 2 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN COUNT 3 OF THE

INDICTMENT.

VERDICT ONE
Page 1 of 3

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 6 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 7 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

VERDICT ONE
Page 2 of 3

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, BRAD O. WILLIAMS,

_____ OF THE OFFENSE OF FELON IN POSSESSION OF A
(GUILTY, NOT GUILTY)

FIREARM AS CHARGED IN  COUNT 10 OF THE INDICTMENT.

DATE: _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                  FOREPERSON

VERDICT ONE
Page 3 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924©) and |
| SEVILLE WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## VERDICT TWO

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF ARMED ROBBERY, AS CHARGED
(GUILTY, NOT GUILTY)

IN COUNT 2 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN COUNT 3 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, SEVILLE WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.

DATE: _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

VERDICT TWO
Page 2 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924(c) and |
| CLINTON WILLIAMS, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## VERDICT THREE

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 4 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 5 OF THE

INDICTMENT.

VERDICT THREE
Page 1 of 2

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.

DATE: _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                  FOREPERSON

VERDICT THREE
Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                PLAINTIFF,          )        CRIMINAL NO. 06-20032
                                    )        VIOLATION: TITLE 18, UNITED
        vs.                         )        STATES CODE, SECTIONS 371,
                                    )        2113(a) and (d), 1951, 924©) and
CLINTON WILLIAMS,                   )        922(g)(1)
                                    )
                DEFENDANT.          )

## VERDICT THREE

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE
(GUILTY, NOT GUILTY, NOT GUILTY ONLY BY REASON OF INSANITY)

OFFENSE OF CONSPIRACY TO COMMIT ARMED BANK ROBBERY, TO COMMIT

ROBBERY, AND TO CARRY AND USE A FIREARM DURING AND IN RELATION TO

AND TO POSSESS A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE AS

CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE
(GUILTY, NOT GUILTY, NOT GUILTY ONLY BY REASON OF INSANITY)

OFFENSE OF ARMED BANK ROBBERY AS CHARGED COUNT 4 OF THE

INDICTMENT.

VERDICT THREE
Page 1 of 2

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE

(GUILTY, NOT GUILTY, NOT GUILTY ONLY BY REASON OF INSANITY)

OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE

AS CHARGED IN COUNT 5 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE

(GUILTY, NOT GUILTY, NOT GUILTY ONLY BY REASON OF INSANITY)

OFFENSE OF ARMED BANK ROBBERY AS CHARGED COUNT 8 OF THE

INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, CLINTON WILLIAMS,

_____ OF THE

(GUILTY, NOT GUILTY, NOT GUILTY ONLY BY REASON OF INSANITY)

OFFENSE OF CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE

AS CHARGED IN COUNT 9 OF THE INDICTMENT.

DATE: _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        FOREPERSON

VERDICT THREE
Page 2 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CRIMINAL NO. 06-20032 |
| | ) | VIOLATION: TITLE 18, UNITED |
| vs. | ) | STATES CODE, SECTIONS 371, |
| | ) | 2113(a) and (d), 1951, 924©) and |
| RORY TUCKER, | ) | 922(g)(1) |
| | ) | |
| DEFENDANT. | ) | |

## **VERDICT FOUR**

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF CONSPIRACY TO COMMIT ARMED
(GUILTY, NOT GUILTY)

BANK ROBBERY, TO COMMIT ROBBERY, AND TO CARRY AND USE A FIREARM

DURING AND IN RELATION TO AND TO POSSESS A FIREARM IN FURTHERANCE OF

A CRIME OF VIOLENCE AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF ARMED BANK ROBBERY
(GUILTY, NOT GUILTY)

AS CHARGED COUNT 8 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, RORY TUCKER,

_____ OF THE OFFENSE OF CARRYING AND USING A
(GUILTY, NOT GUILTY)

FIREARM DURING A CRIME OF VIOLENCE AS CHARGED IN  COUNT 9 OF THE

INDICTMENT.

DATE: _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                      FOREPERSON

VERDICT FOUR
Page 2 of 2